■ TOWN OF HUNTINGTON et al., Appellants, v PARK SHORE COUNTRY DAY CAMP OF DIX HILLS, INC., Respondent.—In an action, *inter alia,* to enjoin defendant from operating commercial tennis courts on its residentially zoned property, in which defendant, by way of counterclaim, seeks a declaration that the zoning chapter of the Code of the Town of Huntington is unconstitutional as applied to its property, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered November 30, 1976, which, after a nonjury trial, denied the application for a permanent injunction. Judgment reversed, on the law, with costs; application for injunctive relief granted in accordance with the relief sought therefor in the complaint; and it is declared that the zoning ordinance in question is not illegal and unconstitutional as applied to defendant's property. Action remanded to Special Term for the entry of an appropriate amended judgment in accordance herewith. Special Term held that the ordinance in question was unconstitutional as applied because it permitted tennis courts operated as an ancillary function of a nonprofit private club or school, but did not permit them as profit-making enterprises in this residentially zoned area. Zoning ordinances are presumed constitutional and a questioner has the burden of proving invalidity " 'beyond a reasonable doubt' " (*Marcus Assoc. v Town of Huntington,* 57 AD2d 116, 117). Defendant has not met this burden and, accordingly, the judgment must be reversed and an injunction granted (see *Matter of Tarolli v Howe,* 37 NY2d 865). Titone, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

■ GOLDIE WIENER et al., Respondents, v SAMUEL DAVIDSON et al., Doing Business as THELMA REALTY CO., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, dated June 8, 1977, which, *inter alia,* set aside a unanimous jury verdict in favor of defendants and directed a new trial. Order reversed and verdict reinstated, with costs. There was no instance of juror misconduct that required that the jury verdict be set aside. When questioned on *voir dire* whether she knew the plaintiff David Wiener, juror Rolnick truthfully responded in the negative. It was not until several days into the trial that she thought she recognized him and so stated to the other jurors. If Ms. Rolnick's statements to the other jurors that she possibly recognized plaintiff David Wiener are considered misconduct, it does not justify the court's setting aside of the unanimous verdict. The evidence at the trial was overwhelmingly in favor of the defendants and there was no prejudice to any of the parties as a result of Ms. Rolnick's statements. "It is not every irregularity in the conduct of jurors that requires a new trial. The misconduct must be such as to prejudice a party in his substantial rights" (*People v Dunbar Contr. Co.,* 215 NY 416, 426). In any event, the record makes it clear that there was no prejudice or bias on the part of any of the jurors in reaching their verdict. Further, the trial court's error was compounded by holding a hearing in the absence of defendants' counsel. Defendants were thereby deprived of their due process rights to notice and to an opportunity to be heard. Titone, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.